# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>        Plaintiff,<br><br>    v.<br><br>TYSON POUGE, et al.,<br><br>        Defendants. | Case No. 1:24-cv-1027-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Cornel Jackson ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 9.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

1    A complaint must contain "a short and plain statement of the claim showing that the
2  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
3  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
4  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
5  Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
6  true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,
7  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).
8    To survive screening, Plaintiff's claims must be facially plausible, which requires
9  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
10 for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret
11 Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully
12 is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
13 standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff alleges that the events in the complaint occurred while he was housed at the Madera County Jail.  Plaintiff names the following defendants:  (1) Sgt. Rivera, (2) Guzman 1, correctional officer, (3) Guzman 2,[1] correctional officer (4) Taylor, correctional officer (5) Shields, correctional officer, and (6) Cortes, correctional officer.

In claim 1, Plaintiff alleges failure to protect in violation of the Fourteenth Amendment.  Between the dates of July 23, 2024 and August 1, 2024, Plaintiff notified Defendants Guzman 1, Guzman 1, Taylor, Shields, Sgt Rivera, Cortes of another inmate's violent behavior directed towards Plaintiff and other dorm members that "provided a clear and convincing 'more than mere suspicion'" that an attack would soon occur. An attack on Plaintiff did in fact occur.  Each of the defendants knew that the attacker threatened to attack, was a racist actively using racial profanity, against Plaintiff, attempted to provoke Plaintiff by smearing feces on common areas in Plaintiff's

---

[1] While Plaintiff includes a last name of "Guzman" for 2 different defendants, it may be difficult to identify each defendant for service.  Therefore, Plaintiff may be requested to provided further identifying information if he states a cognizable claim.

1 | dorm and to get in Plaintiff's face and other dorm members faces when threatening to attack and
2 | other behavior which was clear and convincing to all Defendants which Defendants could infer
3 | that Plaintiff was under substantial risk of harm and had time to intervene to stop this particular
4 | attack.  Each Defendant also personally witnessed the above behavior.  Each Defendant made an
5 | intentional decision with respect to the conditions under which Plaintiff was confined, which put
6 | Plaintiff at substantial risk of suffering serious harm.  Each Defendant's intentional failure to take
7 | reasonable measures to abate that risk against Plaintiff caused Plaintiff medical and
8 | physical/emotional injury which a reasonable officer in the circumstance would of appreciated the
9 | high degree of risk involved and therefore making Defendants' conduct obvious.  Additional
10 | threatening behavior included Defendants witnessing the attacker steal inmates' food, including
11 | but not limited to food trays.
12 | The jail policy to abate similar risks to inmates requires Defendants to remove the
13 | attacker/presumed attacker, displaying similar behavior from housing similar to that of Plaintiff's
14 | housing to prevent injury to inmates and staff alike.  However, Defendants here intentionally
15 | neglected to take reasonable measure to abate the risk because the risk was focused to Plaintiff.
16 | Plaintiff was injured by the attacker striking Plaintiff face with closed fists resulting in serious
17 | and continuous pain.
18 | In claim 2, Plaintiff alleges retaliation.  Plaintiff alleges that the above named Defendants
19 | retaliated against Plaintiff for filing civil suits against fellow officers and grievances against the
20 | same officers, defendant and conditions of confinement. (see cases 1:19cv1591 EPG;
21 | 1:20cv1567KES; 22cv69; 1:24cv34 KES; 1:24cv261 KES; 1:24cv585 JLT).  Each defendant in
22 | claim 1 retaliated against Plaintiff who exercised Plaintiff's First Amendment rights by failing to
23 | protect Plaintiff from the serious harm alleged in Claim 1.  These Defendants took adverse action
24 | against Plaintiff by failing to protect Plaintiff as required because Plaintiff was grieving and suing
25 | officers and fellow officers to Defendants.  These actions had a negative impact on Plaintiff's
26 | First Amendment rights and Defendants' actions did not advance or promote any legitimate
27 | correctional goal.  More simply, Plaintiff was not protected from the attacker in claim 1 by
28 | Defendants in retaliation of Plaintiff suing and grieving Defendants and/or their co-workers.

As remedies, Plaintiff seeks compensatory and punitive damages.

## III.   Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.

**Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is relatively short, but is not a plain statement of his claims. Plaintiff's conclusory of allegations what happened, when it happened, or which defendant was involved are insufficient. In fact, the first amended complaint includes fewer factual allegations than the original complaint. Plaintiff's allegations merely recite the elements of various causes of action without supporting factual allegations. Each Defendant is entitled to know what conduct allegedly violated Plaintiff's rights. General assertions regarding who knew what about Plaintiff are not sufficient. General assertions regarding the actions or inactions of unspecified or groups Defendants who allegedly violated Plaintiff's rights are not sufficient. Plaintiff fails to include factual allegations identifying what happened, when it happened, which Defendant was involved, and the specific actions or inactions of any involved Defendants.

In addition, Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). Plaintiff's first amended complaint improperly lumps together defendants in his claims.

4

The allegations do not make clear which defendant is responsible for which act or omission, as Plaintiff lists groups of defendants when discussing each claim. Despite being provided the relevant pleading standards, Plaintiff has been unable to cure this deficiency.

**Supervisory Liability**

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).

Plaintiff has not alleged factual support that any supervisor, participated in or directed any constitutional violation or that he implemented a policy so deficient that it was the moving force of any constitutional violation. Plaintiff's allegations are conclusory that each supervisory defendant "failed to protect," Plaintiff from harm. Such conclusory allegations are insufficient to state a claim for supervisory liability. Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Bd.*

5

*of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Failure to Protect**

Plaintiff was a pretrial detainee at the county jail when the incident giving rise to his complaint occurred. Therefore, Plaintiff's rights as a pretrial detainee, as opposed to a convicted prisoner, arise under the Fourteenth Amendment instead of the Eighth Amendment; however, the standard of review is largely the same. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc) (under both the Eighth and Fourteenth Amendments, the plaintiff must show that the defendants acted with deliberate indifference). As a pretrial detainee, Plaintiff has the right to be protected from assault by other detainees. *Castro*, 833 F.3d at 1068.

The Ninth Circuit has analyzed such conditions of confinement claims under an objective deliberate indifference standard. *See Castro*, 833 F.3d at 1071 (adopting objective deliberate indifference standard based on *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), to evaluate failure to protect claim brought by pretrial detainee). That standard demands that: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Castro*, 833 F.3d at 1071.

The first amended complaint fails to aver that an officer was aware of facts from which the officer could infer that Plaintiff was under a substantial risk of harm or had time to intervene to stop the particular attack. Plaintiff alleges that the attacker threatened to attack, was a racist actively using racial profanity, against Plaintiff and others, attempted to provoke Plaintiff by smearing feces on common areas in Plaintiff's dorm and to get in Plaintiff's face and other dorm members' faces. Plaintiff alleges conclusory allegations that "defendant knew" of an alleged attack. But the allegations are that Plaintiff alerted some defendants to a generalized fear of

6

attack.[2]  Generalized fears of attack at not sufficient to state a claim. "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [an inmate's] future health." *Williams v. Wood*, 223 F. App'x 670, 671 (9th Cir. 2007) (citation omitted). A prison official need not "believe to a moral certainty" that an inmate is at risk of harm "before [he] is obligated to take steps to prevent such an assault," but "he must have more than a mere suspicion that an attack will occur." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (A "mere suspicion that an attack will occur" is not enough to support a cognizable claim) (citation omitted).  A failure to protect claim cannot be stated merely because an inmate is "violent" and is a risk of attacking.  *Kingsley* requires more.

With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that "turns on the facts and circumstances of each particular case." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (internal quotation marks omitted). Plaintiff fails to allege any facts from which the Court could infer that any defendant acted objectively unreasonably.  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

There are no allegations that any defendant knew that this particular "attacking inmate" was at risk of injuring Plaintiff and would injure Plaintiff at that particular time. Plaintiff was informed in the prior screening order that each act by each defendant must be viewed separately and not in combination with other defendants.  But Plaintiff's allegations group defendants and

---

[2] While an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012), Plaintiff also may not omit relevant facts in an attempt to state a cognizable claim. *See Azadpour v. Sun Microsys., Inc.*, No. 06–3272, 2007 WL 2141079, at *2 n. 2 (N.D. Cal. July 23, 2007) ("Where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as 'false and sham.' ") (citations omitted). The Court therefore takes judicial notice of the original complaint that alleged Plaintiff was attacked when Plaintiff stopped the aggressive inmate from taking an elderly inmate's tray and then the aggressive inmate immediately rushed Plaintiff and physically assaulted Plaintiff. (ECF No. 1.)  Plaintiff did not include these particular allegations and the circumstances of the attack in the instant first amended complaint since, as Plaintiff was informed in the Court's screening, the allegations do not show any defendant could have known of the attack.

1  state all defendant "knew" and failed to act, without stating what any individual defendant did or
2  did not do to violate Plaintiff's rights.  Plaintiff's broad allegation that all inmates were at risk
3  from the violent inmate is too general and speculative to state a claim that any defendant acted
4  with deliberate indifference to Plaintiff's safety.  No defendant was aware that Plaintiff would do
5  an act or was aware that it would trigger a violent response.  Plaintiff's conclusory allegation that
6  "defendant knew" is insufficient to state a claims.

### Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. *Rizzo v. Dawson*, 778 F.2d 5527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

It is unclear what conduct Plaintiff engaged in which was protected conduct.  Plaintiff alleges that he filed civil lawsuits and filed grievances which are protected conduct.  But it is unclear who took an adverse action, **because of** this conduct, in that Plaintiff does not allege that each of the specific defendants knew of and acted because of the protected conduct. Further Plaintiff fails to allege that each of the defendant's conduct chilled Plaintiff's First Amendment rights, that did not advance a legitimate correctional goal.  Plaintiff must allege facts for each element of a retaliation claim for each defendant.  Plaintiff's conclusory allegations are insufficient.  Plaintiff has been unable to cure this deficiency.

### State Law Claims

To the extent Plaintiff alleges state law claim based on Defendants' failure to comply with jail policy, the first amended complaint does not allege that Plaintiff complied with the exhaustion

8

requirements of the Government Claims Act ("GCA") as to his pendent state law claims. Cal. Gov't Code §§ 905, 905.2, 910, 911.2, 945.4, 950–950.2. Under the GCA, a claimant may not maintain a state law tort cause action for damages against a public employee or "local public entity" unless he has first presented a written claim to the state Victim Compensation and Government Claims Board, and the Board has acted on it. See Cal. Gov't.Code §§ 900.4, 905, 905.2, 945.4, & 950.2. State law claims are subject to dismissal for failure to comply with GCA. *See Karim–Panahi v. LA. Police Dep't*, 839 F.2d 621, 627 (9th Cir.1988). If Plaintiff has not done so, he must submit any such claim "not later than six months after the accrual of the cause of action." *See* Cal. Gov't.Code § 911.2. Because Plaintiff does not affirmatively allege compliance with the GCA, the Complaint facially fails to state a tort claim for negligence.

## IV. Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff's first amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual

9

findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 12, 2025**                         /s/ Barbara A. McAuliffe            _
                                                          UNITED STATES MAGISTRATE JUDGE