# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br>Plaintiff,<br>v.<br>TYSON POUGE, *et al.*,<br>Defendants. | Case No. 1:24-cv-01027-KES-BAM (PC)<br>ORDER DENYING PLAINTIFF'S REQUEST FOR ASSISTANCE WITH PHOTOCOPIES OF COMPLAINT<br>(ECF No. 23) |

Plaintiff Cornel Jackson ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action currently proceeds on Plaintiff's second amended complaint against Defendants Guzman 1, Guzman 2, Sheilds, Sgt. Rivera, Cpl. Alva, Taylor, Cortes, John Doe 1, and John Doe 2 for failure to protect in violation of the Fourteenth Amendment.[1]

On July 21, 2026, the Court found service of the second amended complaint on Defendants Sheilds, Sgt. Rivera, Cpl. Alva, Taylor, and Cortes appropriate and forwarded service documents to Plaintiff for completion and return within 30 days. (ECF No. 19.) The Court instructed Plaintiff to submit a completed summons and USM-285 for each defendant, along with

[1] On August 4, 2026, the Court granted Plaintiff's motion to substitute the identities of Defendants Guzman 1, Guzman 2, John Doe 1, and John Doe 2 and directed Plaintiff to file a third amended complaint substituting C. Guzman, J. Guzman, Lt. Khela, and St. Ruiz within 30 days. (ECF No. 22.)

six copies of the endorsed second amended complaint. (*Id.*)

On August 5, 2026, Plaintiff filed the instant motion requesting the Court's assistance with photocopies of the second amended complaint. (ECF No. 23.) Plaintiff explains that upon receiving the Court's order and service documents, he immediately completed all the forms and had the housing module officer make contact with the Classification Department to request the needed photocopies of the second amended complaint. On July 27, 2026, Classification Officer Behe (who knows Plaintiff is indigent) advised the housing module officer, via email, that Plaintiff was required to pay for the photocopying services. (*Id.* at 2.) Plaintiff states that this has been an ongoing issue with Officer Behe and Defendant Khela denying Plaintiff photocopying services for court-ordered service. Plaintiff also states that when the Court addressed this issue in Case 1:24-cv-00261-KES-BAM, the Court pointed out Madera County Jail's DPPM policy regarding indigent inmates and photocopying services and ordered defendants to explain why these services were not being provided as listed. (*Id.* at 2-3.) Plaintiff indicates that if the Court could again provide the required photocopies, then his family members will pay for this service. Plaintiff also indicates that he can again gather the required stamps from selling lunches and dinner trays to comply with submission of the USM 285 form, summons, and notice of submission of documents. He just needs copy services. (*Id.* at 3.)

Preliminarily, the Court notes its prior order in Case 1:24-cv-00261-KES-BAM (now 1:24-cv-00261-FJS) related solely to Plaintiff's difficulty in obtaining the envelopes and postage necessary to comply with the Court's service order. It did not address copies. (*See* Case No 1:24-cv-00261-FJS, ECF No. 14.)

Further, Plaintiff is advised that the Clerk of the Court does not ordinarily provide free copies of case documents to parties, even those proceeding *in forma pauperis*. *See Hullom v. Kent*, 262 F.2d 862, 863 (6th Cir. 1959.) Plaintiff is informed that the Clerk charges $0.50 per page for copies of documents. *See* 28 U.S.C. § 1914(b). Copies of up to twenty pages may be made by the Clerk's Office at this Court upon written request, prepayment of the copy fees, and submission of a large, self-addressed stamped envelope. Plaintiff is informed that his second amended complaint, filed on December 4, 2025, is fifteen (15) pages in length.

Accordingly, Plaintiff's request for assistance with photocopies of complaint, (ECF No. 23), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **August 17, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE